UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA    v.    GUSTAVO KINRYS,    Defendant | ) ) ) ) ) ) )  Criminal No.  1:20-10307-DPW ) ) ) ) ) ) |

**ASSENTED-TO RULE 15 MOTION FOR A PRE-TRIAL DEPOSITION**

With the Defendant's assent, the Government moves pursuant to Rule 15(a)(1) of the Federal Rules of Criminal Procedure for an order authorizing a pretrial video deposition of the individual identified in the Indictment as "Employee A" to preserve her testimony for the trial in this matter, which is set for October 16, 2023.  Dkt. 1, ¶ 47.  The requested deposition is necessary given Employee A's recent leukemia diagnosis, and the treatment Employee A must receive, which conflicts with the trial schedule. The Government proposes to take the deposition with Defendant present, so that Defendant can cross-examine the witness and exercise his rights under the Confrontation Clause.

Rule 15 was designed to facilitate preserving testimony that may be needed to guarantee a fair trial.  *United States v. Drogoul*, 1 F.3d 1546, 1557 (11th Cir. 1993).  A court may order the deposition of a witness to preserve testimony for trial under exceptional circumstances and in the interests of justice. Fed. R. Crim. P. 15(a).  The key factors in determining whether exceptional circumstances exist are (1) whether the witness is likely to be unavailable for trial and her

testimony and (2) whether the witness is material to a central issue in the case. *Drogoul*, 1 F.3d at 1554. Analysis of those two factors here favors ordering the Rule 15 pre-trial deposition.

**First**, there is a significant risk that Employee A will not be available for trial given her recent diagnosis of leukemia and the necessary treatment that her physician has ordered. Employee A reported to the Government that her doctor said she must undergo chemotherapy from approximately September 11, 2023, through approximately September 15, 2023, and then completely isolate herself for the next six weeks – a time period that would conclude at the end of October. Even if Employee A's treatment concluded by October 29, 2023, there is no guarantee that (a) the trial would still be going or (b) that Employee A will be in a condition to testify, given the rigors of having to undergo chemotherapy.

Four months ago, this Court (Woodlock, *J.*) granted the Government's motion for a Rule 15(a) deposition of an 87 year-old, elderly, ill witness so as to preserve that witness's testimony for trial. *United States v. Kinrys*, 20-cr-10307-DPW, Dkt. 99, 100 (D. Mass. Apr. 8, 2023) (motion and order granting motion for the pretrial deposition of Patient No. 4). The First Circuit in *United States v. Keithan* found exceptional circumstances and affirmed pretrial depositions under similar conditions. There, one witness was 87 years-old, with a back condition that kept him from walking. The other witness was 83 years-old, with a heart condition that confined her to her home. 751 F.2d 9, 12 (1st Cir. 1984). This Court also allowed a similar motion in *United States v. Cranney*, where the witness was 83 years-old, had a history of medical issues, lived in the Midwest, and did not leave his home without the assistance of one of his adult children. *Id.* No. 14-cr-10276-IT, Dkt. No. 129 (D. Mass. Dec. 6, 2016).

**Second**, Employee A's testimony is material. As described in the Indictment, *see* Dkt. 1 at 8-9, Employee A worked for Billing Company and facilitated the submission of claims (at

2

Defendant's direction) to Medicare and private insurers for E/M services, psychotherapy sessions, and TMS therapy that he purportedly provided to his patients. Dkt. 1, ¶¶ 27-28, 32, 43-47. The emails / wires identified in Counts 1-7 of the Indictment are all sent from the Defendant to Employee A to cause the submission of those claims. Moreover, the claims identified in Counts 8-13 are claims that the Defendant directed to be submitted through the Billing Company based on emails the Defendant sent to Employee A. Employee A's testimony, therefore, is material to issues central to this case.

Taking Employee A's deposition is in the interest of justice not only because her testimony is relevant to the allegations in the Indictment, but also because it will not prejudice the Defendant, who will have a full opportunity to confront and cross-examine the witness. Moreover, the Court may defer ruling on the admissibility of the witness's testimony until trial. *See Drogoul*, 1 F.3d at 1553.

The Government has conferred with counsel for the Defendant, who assented to the relief requested by this motion. If the Court allows this motion, the Government will work with Employee A and counsel for the Defendant regarding the appropriate protocol for taking Employee A's pretrial deposition by video- and audio-recording. The Government will ensure that the time and place of the deposition respect the Defendant's rights under the Confrontation Clause, allowing him the opportunity to cross-examine the witness.

For the foregoing reasons, the Government requests that the Court authorize it to take a pretrial deposition of Employee A.

                                      Respectfully submitted,

                                      JOSHUA S. LEVY
                                      Acting United States Attorney

                    By:    */s/ Patrick M. Callahan*
                            PATRICK M. CALLAHAN
                            CHRISTOPHER R. LOONEY
                            Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                                      */s/ Patrick M. Callahan*
                                      Patrick M. Callahan
                                      Assistant U.S. Attorney

Date: August 24, 2023